IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

VIRGINIA CAUGHRON, Individually
and as Administratix of the Estate of
Jerry Lee Caughron, Deceased                                    PLAINTIFF

v.                          No. 3:17-cv-21-DPM

UPSHER-SMITH LABORATORIES,
INC. and TARO PHARMACEUTICALS
USA, INC.                                                      DEFENDANTS

### ORDER

1. Caughron's husband died after taking generic amiodarone for about a year. Caughron has sued Upsher-Smith and Taro, the drug's manufacturers, making various claims. The drug companies move to dismiss. In response, Caughron has abandoned her claims about the contents of the drug's warning and about the drug's design. These claims are dismissed without prejudice.

2. Upsher-Smith and Taro are correct that Caughron hasn't adequately pleaded her fraud claim. There's insufficient specificity. FED. R. CIV. P. 9(b). Caughron hasn't said enough about who, what, when, where, and how. *United States ex rel. Joshi v. St. Luke's Hospital, Inc.*, 441 F.3d 552, 556 (8th Cir.

2006). This claim is dismissed without prejudice, with leave to amend, though the Court is skeptical.

With one exception, the Court is unpersuaded by most of Upsher-Smith and Taro's other pleading-based arguments. All the other claims are plausible, though they're a bit general and they lump the defendants together. The exception is Caughron's off-label promotion claim, which the Court addresses below.

**3.** The drug companies are mostly correct on the warnings actually given, but one of Caughron's claims survives. Any claim based on failure to provide the medication guide to Mr. Caughron is preempted. 21 C.F.R. § 208.24(b) & (c). Under Arkansas law, Upsher-Smith and Taro's only duty was to warn Mr. Caughron's doctor. So the core issue is whether that happened. Caughron pleads that it didn't; the drug companies say it did. Discovery will show if a trial is needed to answer that question. The Court's best Erie-educated prediction is that the Arkansas Supreme Court would follow *West*, maintaining its rejection of any exception to the learned intermediary doctrine in these circumstances. *West v. Searle & Company*, 305

Ark. 33, 42–43, 806 S.W.2d 608, 613–14 (1991); *compare Hill v. Searle Laboratories*, 884 F.2d 1064, 1070 (8th Cir. 1989).

**4.** Courts have divided about *Buckman* preemption of off-label promotion claims. *Buckman Company v. Plaintiffs' Legal Committee*, 531 U.S. 341, 353 (2001); *compare, e.g., Marvin v. Zydus Pharmaceuticals (USA) Inc.*, 203 F. Supp. 3d 985, 987–89 (W.D. Wis. 2016), *with, e.g., Perdue v. Wyeth Pharmaceuticals, Inc.*, 209 F. Supp. 3d 847, 851–53 (E.D. N.C. 2016). The issue is vexed. Assuming for now that this claim isn't preempted, it's just not adequately pleaded. Caughron's allegations are conclusory; she hasn't stated particulars about promotion to Mr. Caughron's doctor; the complaint is heavy on history and light on case-specific facts. Therefore, the off-label promotion claim is dismissed without prejudice, with leave to amend.

\* \* \*

Motions, № 5 & 27, partly granted and partly denied, with any amended complaint due by 1 August 2017. And it would be most helpful if Caughron would plead about Upsher-Smith and Taro individually, rather than saying "defendants" did X, Y, or Z.

-3-

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

5 July 2017