# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

VIRGINIA CAUGHRON, Individually
and as Administratix of the Estate of
Jerry Lee Caughron, Deceased                                    PLAINTIFF

v.                          No. 3:17-cv-21-DPM

UPSHER-SMITH LABORATORIES,
INC. and TARO PHARMACEUTICALS
USA, INC.                                                       DEFENDANTS

## ORDER

**1.** This case is bogged down in the pleadings. Appendix A lists Caughron's original claims, the Court's rulings on the first motions to dismiss, and the claims as they're pleaded in Caughron's amended complaint. Upsher-Smith and Taro again seek dismissal.

**2.** The claim based on defendants' alleged failure to warn Mr. Caughron's doctor goes forward. As the Court stated in its last Order, the core issue in that claim is whether Upsher-Smith and Taro gave Mr. Caughron's doctor the medication guide. № 34 at 2. Discovery is still needed to ventilate that issue. The loss of consortium claim also goes forward; it's a derivative of the claim alleging a failure to warn the doctor.

**3.** Some claims have dropped out. Caughron hasn't attempted to reassert her abandoned claims about the warning's content and

design defect. Though she had leave to replead fraud with particularity, she has not.

4. Caughron's claim about the medication guide and Mr. Caughron is still preempted. № 34 at 3. Her new allegation—the guide would have prompted a doctor visit by her husband—doesn't make a legal difference under Arkansas law. This renewed claim is dismissed with prejudice.

5. The Court gave Caughron leave to amend her off-label promotion claim. To her credit, the amended complaint removes the conclusory allegations about a concerted and systemic campaign to market amiodarone for off-label use. *Compare № 1 at 31 & 34 with № 40 at 18.* But Caughron hasn't replaced those conclusions with any case-specific facts. Other than the omissions, there's almost no difference in the amended complaint's pleading of off-label promotion. That claim therefore fails again as conclusory. It is dismissed without prejudice.

\* \* \*

Motions, № 41 & 43, partly granted and partly denied. Here's where the case stands: Caughron has one main claim—alleged failure to warn Mr. Caughron's doctor—and a derivative claim for lost consortium. An Initial Scheduling Order will issue.

So Ordered.

*DP Marshall Jr.*

D.P. Marshall Jr.
United States District Judge

4 December 2017

# Appendix A

| Complaint, № 1 | Court's Ruling, № 34 | Amended Complaint, № 40 |
|---|---|---|
| Failure to warn—inadequate contents of the drug's warning and directions | Dismissed without prejudice based on abandonment | Not repleaded |
| Design defect | Dismissed without prejudice based on abandonment | Not repleaded |
| Fraud | Dismissed without prejudice with leave to amend | Not repleaded |
| Failure to warn—failure to provide the medication guide to Mr. Caughron | Preempted and dismissed | Repleaded, with new allegation that, had Mr. Caughron received the guide, he would have gone to his doctor |
| Failure to warn—failure to provide the medication guide to Mr. Caughron's doctor | Not dismissed; will proceed to discovery | No change |
| Off-label promotion | Dismissed without prejudice with leave to amend | Repleaded, omitting some conclusory allegations but not providing new, specific facts |
| Loss of consortium | Not dismissed | No material changes |